UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23018-BLOOM/Elfenbein

MARSHA BIENAIME,

*Plaintiff*,

v.

DEPARTMENT OF CHILDREN
 AND FAMILIES, TIARRA
ANDERSON, MARCELA MURRAY,
and AMANDA D'ALESSANDRO

*Defendants*.
_____/

DEFENDANT DEPARTMENT OF CHILDREN AND FAMILIES' EXPEDITED
MOTION TO STAY ALL DEADLINES AND DISCOVERY PENDING RULING ON
MOTION TO DISMISS

Defendant DEPARTMENT OF CHILDREN AND FAMILIES ("DCF"), by and through

the below counsel and requesting an expedited ruling, pursuant to Local Rule 7.1(d)(2), S.D. Fla.

L.R., hereby files this Motion to Stay All Deadline and Discovery Pending Ruling on Motion to

Dismiss and in support thereof state as follows:

1. Pro Se Plaintiff, MARSHA BIENAIME ("Plaintiff"), filed a civil rights action under

   42 U.S.C. §1983, seeking injunctive relief against the Defendants in their official and

   individual capacities (ECF No. 1).

2. DCF filed a Motion to Dismiss in response to the complaint (ECF No. 12).

3. Instead of a response, the Plaintiff was granted leave to file an amended complaint,

   which was filed on September 24, 2024 (ECF No. 15).

4. In addition to DCF, three DCF employees are named as Defendants in the Amended

   Complaint.  At the time of this filing, none of them have been served.

1

5.  A Motion to Dismiss Amended Complaint has been filed by Defendant DCF.

6.  On September 26, 2024, the Court entered an Order setting trial and pre-trial schedules (ECF No. 20).

7.  A stay of schedule deadlines and discovery would be appropriate until the resolution of the motion to dismiss to avoid the unnecessary costs of litigation, which would include suspending or resetting any pretrial deadlines or discovery periods.

8.  An expedited basis is requested as the deadline for initial disclosures is set for October 9, 2024.

## MEMORANDUM OF LAW

A district court has broad discretion to stay proceedings as part of its inherent power to control its docket. Clinton v. Jones, 520 U.S. 681, 706 (1997); Daniel v. Select Portfolio Servicing, LLC, 2016 WL 518721, at *3 (S.D. Fla. 2016). A stay should be granted if the movant can show good cause and reasonableness. McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Defendants have good cause for requesting a stay because a motion to dismiss is pending. The Motion to Dismiss is a facial challenge that would be truly dispositive. The requested stay is reasonable and not "immoderate—that is to say, too long, too indefinite or without proper justification." NIACCF, Inc. v. Cold Stone Creamery, Inc., 2012 WL 1852941, at *1 (S.D. Fla. 2012). The stay is requested only until the Court can adjudicate the Motion to Dismiss and provide additional time to set appropriate deadlines if the case proceeds. This brief stay would not prejudice the Plaintiff.

2

**The Motion to Dismiss is a Facial Challenge and is Truly Dispositive**

A stay is also appropriate in this case because the Motion to Dismiss is an attack on the Complaint's facial validity and would be truly dispositive as issues being argued include absolute immunity from litigation.

The Eleventh Circuit has held that discovery should not begin while a motion to dismiss based on a facial challenge to the complaint is pending. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997).

To determine if a stay should be granted pending resolution of a motion to dismiss, the Court should take a "preliminary peek" at the merits to determine if the motion is "clearly meritorious and truly case dispositive." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). The Court's "preliminary peek" in this case would meet that standard. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery". Feldman v. Flood, 176 F.R.D. 651, 652 (M.D.Fla.1997). "This involves weighing the likely costs and burdens of proceeding with discovery" Id. Defendant makes the request to stay discovery until the Court can adjudicate the Motion to Dismiss, which then may make this motion moot.

The Motion to Dismiss is heavily supported by case law and would dispose of the entire case. A stay would be appropriate in these circumstances. See, e.g., Zinn v. SCI Funeral Servs. of Florida, Inc., Case No. 9:12-cv-80788-KLR (D.E. 49) (S.D. Fla. 2013); Staup v. Wachovia Bank, N.A., 2008 WL 1771818 (S.D. Fla. 2008); Carcamo v. Miami-Dade County, 2003 WL 24336368 (S.D. Fla. 2003) (all granting stays pending adjudication of dispositive motion).

3

Moreover, a federal district court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." Johnson v. Bd. of Regents of Univ. of Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001). This includes staying discovery. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). *See also*, Montgomery v. Board of Trustees of Alabama Agricultural & Mechanical University, 2019 WL 2224823 at FN1 (N.D. Ala. 2019) (Motion to stay proceedings including discovery was granted pending determination of motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006) (Protective order was properly entered staying discovery until case-dispositive motions to dismiss were resolved); Moore v. Potter, 141 Fed. Appx. 803 (11th Cir. 2005) (District court did not abuse its discretion in ordering discovery stayed pending disposition of motion to dismiss even under Fed. R. Civ. P. 12(b)(6)).

WHEREFORE, Defendants respectfully request that this Court stay all deadlines and proceedings until the Motion to Dismiss Amended Complaint has been adjudicated and grant any such other relief as it deems just and equitable.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), S.D. Fla. L.R., the undersigned reports that he has conferred with the Plaintiff via email.  The Pro Se Plaintiff objects to any motion for stay of discovery.

Respectfully Submitted,

ASHLEY B. MOODY
ATTORNEY GENERAL

s/ Christopher Sutter_____
Christopher Sutter (Fla. Bar No. 422215)
Senior Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
110 Southeast Sixth Street, 10th Floor

4

Ft. Lauderdale, Florida 33301
Telephone: (954) 712-4600
Facsimile: (954) 527-3702
Christopher.Sutter@myfloridalegal.com
Attorneys for DCF

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on October 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this date on all counsel of record or pro se parties identified below in the manner specified:

Marsha Bienaime
12501 NE 13th Ave.
North Miami, FL  33161
marshabienaime@yahoo.com
*Via U.S. Mail and email*

<u>/s/ Christopher Sutter</u>
Christopher Sutter
Senior Assistant Attorney General

5