UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23018-BLOOM/Elfenbein

MARSHA BIENAIME,

    Plaintiff,

v.

FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES,
TIARRA ANDERSON, MARCELLA
MURRAY, and AMANDA
D'ALESSANDRO.

    Defendants.
_____/

**ORDER ON DEFENDANT MURRAY'S MOTION TO STAY DISCOVERY**

**THIS CAUSE** is before the Court upon Defendant Marcella Murray's ("Murray") Motion to Stay All Deadlines and Discovery, ECF No. [41], filed on November 5, 2024. Plaintiff Marsha Bienaime ("Bienaime") filed a Response, ECF No. [42]. The Court has reviewed the record, the applicable law, and is otherwise fully advised. For the reasons that follow, Murray's Motion to Stay All Deadlines and Discovery is granted.

**I.  BACKGROUND**

In her Second Amended Complaint, Plaintiff alleges that Defendants Marcella Murray, Amanda D'Alessandro, and DCF removed her child from her custody on July 31, 2024. ECF No. [15] at 5. Defendant Murray stated to Plaintiff on July 9, 2024, that she received a report that Plaintiff's child was left unattended/unsupervised on June 17, 2004. *Id.*  Murray later realized the child was not unattended but stated that "Mother's mental health [was] unstable" because of the pending lawsuit Plaintiff has against her former employer, Miami-Dade County, for religious discrimination. *Id*. Plaintiff asserts First and Fourth Amendment claims against four Defendants:

DCF, Tiarra Anderson, Marcella Murray, and Amanda D'Alessandro for attempting to label her religious belief a medical condition and for removing her child, which Plaintiff labels an unreasonable seizure. *Id.* at 1-3, 5. Plaintiff seeks money damages in the amount of $2 million. *Id.* at 15. Only DCF and Murray have been served and appeared in the case. ECF Nos. [29], [30].

## II. LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[M]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Cuhaci v. Kouri Grp., LP*, No. 20-CV-23950, 2021 WL 1945819, at *2 (S.D. Fla. May 14, 2021) (citations omitted). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Id.* at 652. "[A] defendant who requests a blanket stay of discovery must do more than simply point to the pendency of a dispositive motion: it must also make a specific showing of prejudice or burdensomeness." *Wilshire Ins. Co. v. Crestview Towers Condo., Ass'n, Inc.*, No. 21-23214-CIV, 2023 WL 7129941, at *8 (S.D. Fla. Mar. 8, 2023) (citation omitted). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray,* 2012 WL 5471793, at *1. "Defendants bear a tall burden in seeking discovery stays." *Lord v. Univ. of Miami*, No. 13-22500-CIV, 2021 WL 9859769, at *2 (S.D. Fla. Oct. 27, 2021).

"[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). "To evaluate whether there is a strong likelihood 'the [dismissal] motion will be granted and entirely eliminate the need for such discovery,' the district court must take a 'preliminary peek' at the merits of the motion.'" *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (quoting *Feldman*, 176 F.R.D. at 652-53). When taking a preliminary peek at a motion to dismiss for purposes of a motion to stay discovery, the Court must decide if the motion to dismiss "appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53. In other words, the Court asks "if on [the motion to dismiss's] face there appears to be an immediate and clear possibility that it will be granted." *Id.* at 653 (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). "The court must also weigh 'the harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery.'" *Ray*, 2012 WL 5471793, at *1 (quoting *Feldman*, 176 F.R.D. at 652). On the one hand, "a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit[.]" *Ray*, 2012 WL 5471793, at *1 (alteration added; citations omitted). On the other hand, "the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case." *Id.*

III.   **DISCUSSION**

The Court previously granted Defendant DCF's Motion to Stay Discovery pending the resolution of its Motion to Dismiss as to only Defendant DCF, ECF No. [40]. Murray now moves to stay the case regarding the pending the resolution of her own Motion to Dismiss, ECF No. [31]. ECF No. [41]. Murray argues that the case should be dismissed because the Motion to Dismiss is heavily supported by case law and would dispose of the entire case. ECF No. [41] at 4. Plaintiff

responds that the Court should not grant a stay as Defendant fails to provide the Court with good cause to stay discovery, and a stay of discovery is not automatic even when there is a pending motion. ECF No. [42] at 3.

In her Motion to Dismiss, Murray argues that the Amended Complaint fails to allege a justiciable controversy; the Amended Complaint fails to state a claim; Murray is immune from being sued in her official capacity under the Eleventh Amendment; the dependency action that appears to be a cause for this civil action continues as an active state court case warrants the court to abstain under *Younger v. Harris,* 401 U.S. 37 (1971); Florida law provides for the immunity of child protective investigators and Defendant is entitled to qualified immunity. ECF No. [31]. Bienaime responds that Murray was properly joined in the action. ECF No. [36].

Taking a preliminary peek at Murray's Motion to Dismiss, the Court finds it that it "appears to be clearly meritorious and truly case dispositive[,]" *Feldman*, 176 F.R.D. at 652–53, and would "entirely eliminate the need for such discovery'" as to Murray. *Ray*, 2012 WL 5471793, at *1. As Murray points out, there is an ongoing dependency action in state court underlying this civil action. "Federal courts abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings." *Daniels v. Geraldi*, 578 F.App'x 811 (11th Cir. 2014) (citation omitted). Given this, the Motion to Dismiss appears to be a "sure winner" warranting a stay of discovery at this stage as to Murray. *Wilshire Ins.,* 2023 WL 7129941, at *9. There is good cause to stay discovery because balancing the "'harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery'" weighs in favor of a stay: Murray should not expend resources in discovery if the claim against her lacks merit. *Ray*, 2012 WL 5471793, at *1. Accordingly, after taking a "preliminary peek" at Murray's

Motion to Dismiss, ECF No. [31], the Court grants Murray's Motion to Stay All Deadlines and Discovery, ECF No. [41], as to Murray.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Murray's Motion to Stay All Deadlines and Discovery, **ECF No. [41]**, is **GRANTED**.

2. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, and all deadlines are **TERMINATED** as to Defendant Murray.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 15, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record