UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23018-BLOOM/Elfenbein

MARSHA BIENAIME,

     Plaintiff,

v.

FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES,
TIARRA ANDERSON, MARCELLA
MURRAY, and AMANDA
D'ALESSANDRO.

     Defendants.

_____/

## ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Florida Department of Children and Families' ("DCF") Motion to Dismiss Amended Complaint, ECF No. [25], and Defendant Marcella Murray's ("Murray") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [31]. Plaintiff Marsha Bienaime ("Bienaime") filed Responses to both Motions to Dismiss, ECF Nos. [27], [36]. The Court has reviewed the record, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, both Motions to Dismiss are granted.

## I.    BACKGROUND

On August 8, 2024, Bienaime filed suit under 42 U.S.C. § 1983 against DCF, Murray, a child protector investigator at DCF, and Amanda D'Alessandro ("D'Alessandro"), a child protector investigator supervisor. ECF No. [1] at 2, 3. The same day, Bienaime filed an Amended Complaint against DCF. ECF No. [5]. On September 24, 2024, Bienaime filed the operative Second Amended Complaint, ("Complaint") against Defendants D'Alessandro, DCF, Murray, and

Tiarra Anderson ("Anderson"), a child protective investigator. ECF No. [15] at 2, 3. All Defendants were sued in their official and individual capacities. *Id.* at 1. Defendants DCF and Murray thereafter filed motions to stay all deadlines and discovery pending a ruling on the motion to dismiss. ECF Nos. [26], [41]. The Court granted both motions.  ECF Nos. [33], [43].

In the Complaint, Bienaime asserts "[a]ll defendants mentioned in this suit have violated . . . [her Fourth] and [First] Amendment[] [rights] by attempting to label [her] religious belief a medical condition and by removing [her] property (child) with unreasonable seizure." ECF No. [15] at 5. Bienaime states that, on July 9, 2024, Murray told Bienaime that she had entered a report stating Bienaime's child was left unsupervised on June 17, 2024, but Murray later realized that the child was not unattended. *Id.* Bienaime states that, due to the pending lawsuit Bienaime has against her former employer, Murray "has decided to find another way to take [her] child," by stating Bienaime's mental health was unstable. *Id.* Bienaime alleges that Defendants "acted with intent to violate [her] constitutional rights and cause hurt towards [her] and [her] family by their unlawful discriminatory actions." *Id.* at 6. Bienaime attached to the Complaint a summons she received for a juvenile dependency hearing on August 23, 2024. *Id.* at 9. Bienaime seeks $12 million in damages for "emotional distress," "civil rights violations," "property rights," "alienation of affection," and "loss of enjoyment and companionship." *Id.* at 6.

## II.  LEGAL STANDARD

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils–Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]'

devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550

U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. As a general rule, when reviewing a motion to dismiss, a Court

must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from

those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th

Cir. 2012). Although the Court is required to accept all of the factual allegations as true, this tenet

is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b) motion to

dismiss, the Court is limited to the facts contained in the complaint and attached exhibits. *See*

*Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

It is well-settled that "where the plaintiff refers to certain documents in the complaint and

those documents are central to the plaintiff's claim, then the Court may consider the documents

part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such

documents to the motion to dismiss will not require conversion of the motion into a motion for

summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th

Cir. 1997); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("[A] document

central to the complaint that the defense appends to its motion to dismiss is also properly

considered, provided that its contents are not in dispute.") (citation omitted).

## III.    DISCUSSION

DCF's and Murray's arguments for dismissal are largely identical. Both Defendants filed motions to dismiss under Rules 12(b)(1) and 12(b)(6). ECF No. [25] at 1; ECF No. [31] at 1. Each Defendant argues the Complaint should be dismissed (1) for failure to allege a justiciable controversy; (2) as a "shotgun pleading"; (3) because the defendant is entitled to Eleventh Amendment immunity; and (4) under the *Younger* Abstention doctrine. ECF No. [25] at 2, 7; ECF No. [31] at 2, 7. Murray argues that she is entitled to qualified immunity because the allegations that gave rise to Bienaime's claims all occurred while Murray was performing her official duties as a child protective investigator for DCF. ECF No. [31] at 14. Moreover, Murray argues that, under Florida law, child protective investigators are immune from civil liability when sheltering children due to allegations of abuse, abandonment, or neglect. *Id.* at 11 (citing Fla. Stat. 39.203(1)(a)). Because the Court agrees with the Defendants that the Complaint is a "shotgun pleading" it need not address the remaining arguments.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by

plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (*quoting Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). The concern with shotgun pleadings is that they do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). Accordingly, shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

As the Eleventh Circuit explained in *Weiland*, there are four ways a complaint may be found to be a shotgun pleading. *See* 792 F.3d at 1321-23. "The most common type [of shotgun pleading] . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts." *Id.* at 1321. The next type is a pleading "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Then there is the third type where the plaintiff does "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1323. "Fourth and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Here, the Complaint commits two of the sins articulated in *Weiland.* The Complaint fails to clarify which Defendant is responsible for each act or omission and fails to separate each claim

into a separate count. The Complaint also does not attribute any acts to Anderson, making it unclear what role—if any—Anderson had in the alleged events. Furthermore, the Complaint appears to attribute the alleged actions of Bienaime's former employer, Miami-Dade County, which is not named in the suit, to Defendants who have been named. ECF No. [15] at 5. Specifically, the Complaint states that Murray, who is an employee of DCF, "decided to find another way to take [Bienaime's] child" because Bienaime has a pending lawsuit against her "former employer Miami Dade County . . . for religious discrimination." *Id.* As those entities are conflated, it is therefore unclear who is responsible for the alleged religious discrimination or what actions took place in order to establish a *prima facie* case of religious discrimination. Consequently, the Complaint must be dismissed.

Federal Rule of Civil Procedure 15(a)(2) states that parties may amend their pleadings only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend should be "freely given" absent a showing of "futility of amendment." *Id.* at 1270 (citing *Foman*, 371 U.S. at 182). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or immediately subject to summary judgment for the defendant." *Tie Qian v. Sec'y, Dep't of Veterans Affs.*, 432 F. App'x 808, 810 (11th Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). The Court does not have enough information to determine whether Bienaime's claims are futile. As such, Plaintiff is granted one last opportunity to amend her Complaint to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

IV.    **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant DCF's Motion to Dismiss Second Amended Complaint, **ECF No. [25]**, is **GRANTED**.

2.  Defendant Marcella Murray's Motion to Dismiss Second Amended Complaint, **ECF No. [31]**, is **GRANTED**.

3.  Plaintiff's Second Amended Complaint, **ECF No. [15]**, is **DISMISSED WITHOUT PREJUDICE**;

4.  Plaintiff shall file a Third Amended Complaint no later than **February 3, 2025**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 14, 2025.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Marsha Bienaime
12501 NE 13th Ave.
North Miami, FL 33161
marshabienaime@yahoo.com