UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23018-BLOOM/Elfenbein

MARSHA BIENAIME,

    Plaintiff,

v.

FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES
and MARCELLA MURRAY,
    Defendants.
_____/

## ORDER ON MOTION TO DISMISS THIRD AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendants Florida Department of Children and Families ("DCF") and Marcella Murray's ("Murray") Motion to Dismiss ("Motion"), ECF No. [54]. Plaintiff Marsha Bienaime ("Bienaime") filed a Response, ECF No. [57]. The Court has reviewed the record, the Response, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

On January 28, 2025, Bienaime filed a Third Amended Complaint ("Complaint"), setting forth claims under 42 U.S.C. § 1983 against DCF and Murray[1] (collectively, "Defendants"), a child protective investigator. ECF No. [51]. Bienaime seeks 12 million dollars in damages for DCF and Murray's role in the removal of Bienaime's child from her custody based on "false allegations written on the petition of mom's mental health." *Id.* at 4, 5.

Bienaime alleges that the petition filed following the removal of Bienaime's child from her custody contained "false information of [her] 'alleged' mental health being unstable when

---

[1] Bienaime sued Murray in her official capacity. ECF No. [51] at 2.

[Bienaime] informed the Defendants of being stalked[.]" *Id.* at 4. Bienaime alleges that "[a]t trial for the dependency case concerning the filed petition" she "explained to the Defendants that [she was] being stalked" and had "received an investigation report from [her] former employer Miami Dade County stating that they have concluded their investigation" and that her "complaint of being harassed (stalked) . . . was the truth." *Id.* Bienaime alleges that DCF and Murray violated her "Fourth Amendment constitutional right [against] unreasonable seizure." *Id.* at 3. In support of her allegation that she was being stalked, Biename attached to the Complaint a letter stating the Human Rights & Fair Employment Practices Division "completed its investigation of the complaint [Bienaime] filed on October 28, 2020, and determined there was a Violation of the County's Policy on Unlawful Discrimination, Harassment, and/or Retaliation." *Id.* at 7.

This is Bienaime's Third Amended Complaint. Bienaime filed her First Amended Complaint shortly after filing her original Complaint on October 8, 2024. ECF Nos. [1], [5]. After DCF filed its first Motion to Dismiss Bienaime's Amended Complaint, she was granted leave to file a Second Amended Complaint. ECF Nos. [12], [14], [15]. In her Second Amended Complaint, Bienaime named two parties ad Defendants in addition to DCF and Murray. ECF No. [15]. On January 15, 2025, the Court dismissed Bienaime's Second Amended Complaint as a shotgun pleading. ECF No. [46]. The Court noted that the Second Amended Complaint "fail[ed] to clarify which Defendant is responsible for each act or omission and fail[ed] to separate each claim into a separate count," and it did "not have enough information to determine whether Bienaime's claims are futile." *Id.* at 5-6. Therefore, Plaintiff was granted "one last opportunity to amend her Complaint to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure." *Id.*

Defendants raise the same arguments in their present Motion as they raised in their prior motions to dismiss. *See* ECF No. [46] at 4. Defendants argue that the Complaint must be dismissed because: (1) Bienaime "fails to allege an appropriate justiciable controversy"; (2) Defendants "are

entitled to Eleventh Amendment immunity"; (3) the Complaint "fails to state a cause of action upon which relief may be granted"; (4) the case is "subject to the *Younger* Abstention Doctrine as there is an active dependency action in state court"; and (5) Murray is "immune under Florida law." ECF No. [54] at 2. Additionally, because "Defendants are entitled to Eleventh Amendment immunity and since the Plaintiff has had multiple opportunities to amend her complaint," Defendants argue that the Complaint should be dismissed with prejudice. *Id.* In her Response, Bienaime reiterates the allegations in her Complaint and includes generic paragraphs that appear to provide advice to individuals seeking to overcome a sovereign immunity defense. ECF No. [57] at 2-3. Bienaime does not clearly address any of Defendants' legal arguments, instead offering general statements such as "[t]he Department of Children and Families and its Employees are not exempt from Lawsuits for the Violation of anyone's United States Constitutional Rights, Unlawful Actions and Improper Conduct[] toward a citizen in the United States of America." *Id.* at 4. However, she does not cite any caselaw to support this assertion.

## II.   LEGAL STANDARD

### A.   Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "It is well established that, in the absence of consent, 'a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.'" *Hayes v. Sec'y, Fla. Dep't of Child. & Fams.*, 563 F. App'x 701, 703 (11th Cir. 2014) (quoting *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). "The Eleventh Amendment also prohibits suits against state officials where the state is the real party in interest, such that a plaintiff could not sue to have a state officer pay funds directly from the state

3

treasury for the wrongful acts of the state." *Id.* "Suing individuals in their official capacities is 'another way of pleading an action against an entity of which an officer is an agent.'" *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, the Eleventh Amendment also bars plaintiffs from suing state officials in their official capacities for damages. *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994).

### B. Motion to Dismiss Standard

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As a general rule, when reviewing a motion to dismiss, a Court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from

4

those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Although the Court is required to accept all of the factual allegations as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In considering a Rule 12(b) motion to dismiss, the Court is limited to the facts contained in the complaint and attached exhibits. *See Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

It is well-settled that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### III. DISCUSSION

Defendants argue that since they are being sued in their official capacities, they are entitled to Eleventh Amendment immunity. ECF No. [54] at 2. As Defendants note, "[a] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of [Section] 1983, thus damages are unavailable." ECF No. [54] at 7 (quoting *Edwards*, 49 F.3d at 1524). Bienaime does not respond to Defendants' assertion that Eleventh Amendment immunity protects DCF and Murray, insofar as she is being sued in her official capacity. Bienaime includes in her Response a heading entitled "Sovereign Immunity," but does not directly address any of Defendants' arguments. ECF No. [57] at 3. The Response includes only generic statements of categories of evidence that could arguably "show[] that the government officials acted beyond their official capacity or maliciously" and the assertion that "[t]he Department of Children And Families and its Employees are not exempt from Lawsuits for the Violation of anyone's United States Constitutional Rights, Unlawful Actions and Improper Conducts[.]" *Id*. at 4. Because

5

Bienaime has not responded to Defendants' assertion of Eleventh Amendment immunity, the argument is conceded. *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014). Accordingly, Bienaime has failed to state a claim against Defendants and the Court need not address Defendants' remaining arguments.

## IV. PREJUDICE

Defendants argue that the Complaint should be dismissed with prejudice because Bienaime "cannot cure the defects" in her Complaint and "further amendment would be futile[.]" ECF No. [54] at 12. Bienaime failed to respond to this argument and has not requested leave to amend her Complaint.

Courts "may deny leave to amend the complaint 'where further amendment would be futile[.]'" *Heard v. Publix Supermarkets Inc.*, 808 F. App'x 904, 906 (11th Cir. 2020) (quoting *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019)). Generally, where "dismissals were based on sovereign immunity grounds, the jurisdictional nature of the dismissal requires it to be entered without prejudice." *Dupree v. Owens*, 92 F.4th 999, 1008 (11th Cir. 2024). However, "if a more carefully drafted complaint could not state a claim and amendment would be futile, dismissal with prejudice is proper." *Cavero v. One W. Bank FSB*, 617 F. App'x 928, 930 (11th Cir. 2015) (affirming district court's dismissal with prejudice where dismissal was on jurisdictional grounds). Because the Eleventh Amendment would bar Bienaime from bringing any claims against DCF or Murray in her official capacity, Bienaime "cannot plead facts which would support a cause of action beyond the motion to dismiss stage and the court will not grant leave to amend." *Grimes v. Florida*, 71 F. Supp. 3d 1319, 1325 (M.D. Fla. 2014). Defendants previously filed motions to dismiss describing their Eleventh Amendment immunity defense. ECF Nos. [12] at 8; [25] at 8-9; [31] at 8-9. Bienaime was on notice as to the deficiencies of her prior complaints and she did not cure those deficiencies in her Third Amended Complaint. *Rivas v. Bank of New*

*York Mellon*, 777 F. App'x 958, 965-66 (11th Cir. 2019) (concluding district court "properly determined that it would have been futile" to give the plaintiff "a third bite at the apple"). Because Bienaime can plead no set of facts that would allow her to bring a Section 1983 claim against DCF or Murray in her official capacity, any further amendment as to those claims would be futile.

V.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss, **ECF No. [54]**, is **GRANTED;**

2. The Complaint, **ECF No. [51]**, is **DISMISSED WITH PREJUDICE;**

3. Bienaime's Motion for Summary Judgment, **ECF No. [59]**, is **DENIED AS MOOT**;

4. Defendants' Motion to Stay Deadlines Pending Ruling on Motion to Dismiss, **ECF No. [60]**, is **DENIED AS MOOT**;

5. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;

6. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 6, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Marsha Bienaime
12501 NE 13th Ave.
North Miami, FL 33161
marshabienaime@yahoo.com